IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESUS SILVA,

          CASE NO. 2:16-CV-00381
   Petitioner,        JUDGE JAMES L. GRAHAM
          Magistrate Judge Elizabeth A. Preston Deavers

   v.

WARDEN, CCI,

   Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Motion to Dismiss for Lack of Jurisdiction*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss for Lack of Jurisdiction* (ECF No. 6) be **GRANTED**, and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

### Procedural History

Petitioner challenges his October 31, 2007, convictions made pursuant to his guilty plea in the Franklin County Court of Common Pleas on two counts of trafficking in cocaine and engaging in a pattern of corrupt activity. The trial court imposed an aggregate term of twenty years of incarceration. On February 17, 2009, the state appellate court affirmed the judgment of the trial court. *State v. Silva*, No. 07AP-986, 2009 WL 388235 (Ohio App. 10th Dist. Feb. 17, 2009). On June 17, 2009, the Ohio Supreme Court dismissed Petitioner's appeal. *State v. Silva*, 122 Ohio St.3d 1412 (Ohio 2009). On December 30, 2011, Petitioner filed a motion to vacate in the state trial court. The trial court denied the motion. Petitioner timely appealed, and on

December 19, 2013, the appellate court affirmed the judgment of the trial court. *State v. Silva*, No. 13AP-176, 2013 WL 6728950 (Ohio App. 10th Dist. Dec. 19, 2013). Petitioner did not file a timely appeal. On April 29, 2015, the Ohio Supreme Court denied his motion for a delayed appeal. *State v. Silva*, 142 Ohio St.3d 1446 (Ohio 2015).

On July 26, 2011, Petitioner filed his first federal habeas corpus petition. On June 4, 2012, this Court dismissed that action as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Silva v. Knab*, No. 2:11-cv-671, 2012 WL 1987487 (S.D. Ohio June 4, 2012).

On April 28, 2016, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the evidence is constitutionally insufficient to sustain his convictions (claim one) and that he was denied the effective assistance of counsel based on the lack of an interpreter (claim two). Plainly, however, this action constitutes a second, or successive petition.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power

to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*).

Consequently, the Magistrate Judge **RECOMMENDS** Respondent's *Motion to Dismiss for Lack of Jurisdiction* (ECF No. 6) be **GRANTED** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/ *Elizabeth A. Preston Deavers*__
Elizabeth A. Preston Deavers
United States Magistrate Judge
